## No. 612.

### E. H. COLE, ADMINISTRATOR, vs. HEIRS OF SARAH A. REDDICK.

The object of this action is to make Smith accept or renounce the succession of his daughter. It appears that before citation was served on him, he had caused an inventory to be taken and had qualified as administrator of the succession of his daughter. Hence the object of this suit was attained. The fact that, after inventory was taken, Smith attended to the store of the deceased before qualifying as administrator, did not affect the issues presented by plaintiff in his petition. The defendant had applied for appointment as administrator upon giving bond. He was appointed, and he has accepted the succession with benefit of inventory. Whether or not he has done acts which make him individually liable for the debts of the succession, is a question for another proceeding.

APPEAL from the Parish Court, parish of Catahoula. *Marshall*, J. *Wade R. Young*, for plaintiff and appellee. *Boatner & Elam*, for defendant and appellant.

HOWELL, J. Plaintiff, as creditor of the succession of Ransom Reddick, alleges that Sarah A. Reddick accepted simply said succession and took possession thereof; that since her death no one has been appointed administrator of her estate; but James Smith has taken possession thereof and appropriated it to his own use without authority or giving security, and he fears the effects of the succession will be wasted and the succession he represents will lose its claim. He prays that said Smith

and other heirs be cited to decide whether they will accept or renounce the succession of said S. A. Reddick, and if they accept, that they furnish security, and if they renounce, that an administrator be appointed to settle said succession. Smith alone was cited, and he answered that he had accepted the succession of his daughter, S. A. Reddick, with benefit of inventory, and had regularly qualified as administrator of her estate. Judgment was rendered, decreeing that said Smith had taken possession of said estate without authority, made himself liable for the debts, and forfeited his right to accept with benefit of inventory; that his duties as administrator having ceased, he be required before taking possession as heir to give bond in favor of plaintiff, administrator, conditioned for the payment of plaintiff's claim. From this judgment Smith appealed.

The judge erred. The object of this action was to make Smith accept, or renounce. It appears that, before citation was served on him, he had caused an inventory to be taken and had qualified as administrator of the succession of his daughter. Hence the object of this suit was attained. The fact that, after the inventory was taken, Smith attended to the store of the deceased before qualifying as administrator, did not affect the issues presented by plaintiff in his petition. The defendant had applied for appointment as administrator upon giving bond. He was so appointed, and he has accepted the succession with benefit of inventory. Whether or not he has done acts which made him individually liable for the debts of the succession, is a question for another proceeding.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant, dismissing plaintiff's demand with costs in both courts.